UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERT SETON, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>DIVERSIFIED WELL LOGGING, LLC,<br><br>*Defendant*. | No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Robert Seton, Jr. (referred to as "Plaintiff" or "Seton") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Diversified Well Logging, LLC (referred to as "Defendant" or "DWL"). In support thereof, he would respectfully show the Court as follows:

## I. Nature of Suit

1. Seton's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. DWL violated the FLSA by employing Seton and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. DWL violated the FLSA by failing to maintain accurate time and pay records for Seton and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Seton brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1) because DWL resides in the Corpus Christi Division of the Southern District of Texas.

## III.  Parties

8. Plaintiff Robert Seton, Jr. is an individual who resides in Richmond, Texas and who was employed by DWL within the last three years.

9. Defendant Diversified Well Logging, LLC is a Delaware limited liability company with offices in Texas, Louisiana, Pennsylvania and Colorado; it may be served with process by serving its registered agent:

> Capitol Corporate Services, Inc.
> 206 E. 9th Street, Suite 1300
> Austin, Texas 78701

Alternatively, if the registered agent of DWL cannot with reasonable diligence be found at the company's registered office, DWL may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. Whenever it is alleged that DWL committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of DWL or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11. DWL is an offshore oil and gas services company; it does business in the territorial jurisdiction of this Court.

12. DWL employed Seton from approximately December 2010 to December 2018, initially as a data engineer and later as a mud logger.

13. During his employment with DWL, Seton worked on offshore oil and gas rigs for weeks at a time.

14. During his employment with DWL, Seton traveled from his home community to various cities on the Gulf Coast where he would be transported by helicopter or, occasionally, boat to the rig to which he was assigned.

15. During his employment with DWL, Seton was paid on an hourly basis.

16. During his employment with DWL, Seton regularly worked in excess of forty hour per week.

17. DWL knew or reasonably should have known that Seton worked in excess of forty hours per week.

18. DWL did not pay Seton for all of the hours that he worked.

19. DWL did not pay Seton for the time he spent traveling from his home community to the helipad or boat dock.

20. DWL did not pay Seton for the time he spent waiting at the helipad or boat dock.

21. DWL did not pay Seton for the time he spent traveling by helicopter or boat to the rig to which he was assigned.

22. DWL did not always pay Seton for his pre-tower safety meetings, which usually lasted thirty minutes.

23. DWL did not pay Seton for shift change and related activities, which usually lasted thirty minutes.

24. DWL did not pay Seton for all of his compensable standby, wait and/or on-call time.

25. Other times (for example, on holidays) DWL simply cut Seton's overtime hours and paid him at his straight-time rate.

26. All of that time was compensable.

27. And since Seton typically worked at least twelve hours per day and seven days per week, all of that time—for which he was not compensated—was overtime.

28. DWL also cut Seton's rate of pay without any advance notice.

29. In other words, DWL did not pay Seton for all of his overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" in violation of the FLSA. *See*, 29 U.S.C. § 207(a)(1).

30. DWL knew or reasonably should have known that Seton was not exempt from the overtime provisions of the FLSA.

31. Seton was not paid on a salary basis.

32. Seton's primary duties were nonexempt.

33. Seton's primary duties did not include office or nonmanual work.

34. Seton's primary duties were not directly related to the management or general business operations of DWL or its customers.

35. Seton's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

36. Seton did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

37. Seton did not have the discretion or authority to make any decisions with respect to matters of significance.

38. Instead, Seton was required to follow the policies, practices and procedures set by DWL.

39. Seton did not have any independent authority to deviate from these policies, practices and procedures.

40. During Seton's employment with DWL, he was engaged in commerce or the production of goods for commerce.

41. During Seton's employment with DWL, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

42. During Seton's employment with DWL, the company had an annual gross volume of sales made or business done of at least $500,000.

43. DWL failed to maintain accurate time and pay records for Seton as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

44. DWL knew or showed a reckless disregard for whether its pay practices violated the FLSA.

45. DWL is liable to Seton for his unpaid regular and overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

46. All nonexempt employees employed by DWL who were not compensated for all of the hours that they worked are similarly situated to Seton because they (1) were subject to the same uniform pay policy or practice; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

47. Seton adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. During Seton's employment with DWL, he was a nonexempt employee.

49. As a nonexempt employee, DWL was legally obligated to pay Seton "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

50. DWL did not pay Seton overtime as required by 29 U.S.C. § 207(a)(1) for the hours that he worked over forty in a workweek.

51. For example, DWL did not pay Seton for compensable travel time, wait time, standby time, on-call time, safety meetings, shift change, etc. See *supra* ¶¶ 18-26.

52. Instead, DWL paid Plaintiff only a portion of his regular and overtime hours each workweek.

53. In other words, DWL did not pay Seton for all of his overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" in violation of the FLSA. *See*, 29 U.S.C. § 207(a)(1).

54. If DWL classified Seton as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

55. DWL knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, DWL willfully violated the overtime requirements of the FLSA.

## VI. Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

56. Seton adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

57. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

58. In addition to the pay violations of the FLSA described above, DWL also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—
### Collective Action Allegations

59. Seton adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

60. On information and belief, other employees have been victimized by DWL's violations of the FLSA identified above.

61. These employees are similarly situated to Seton because, during the relevant time period, they (1) were subject to the same pay practice or policy, (2) were compensated in a similar manner and (3) were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

62. DWL's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances or position of the putative class members.

63. Since, on information and belief, Seton's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

64. All employees of DWL, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for all the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore properly defined as:

> All nonexempt, hourly employees, regardless of position, that were not paid for all of the hours that they worked because (1) they were not paid for the travel time from their home communities to helipads or boat docks; (2) they were not paid for the wait time at the helipads or boat docks; (3) they were not paid for the travel time from the helipads and boat docks to the rigs; (4) they were not paid for attending required safety meetings; (5) they were not paid for shift change and related activities; (6) they were not paid for compensable standby, wait or on-call time; (7)

their overtime was cut and paid at their straight-time rate; and/or
(8) they were not given advance notice of rate changes.

65. DWL is liable to Seton and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

66. Because DWL knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Seton and the members of the putative class their unpaid regular and overtime wages for at least the last three years.

67. DWL is liable to Seton and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

68. DWL is liable to Seton and the members of the putative classes for their reasonable attorneys' fees and costs.

69. Seton has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VII. Prayer

70. Seton prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Seton and the members of the putative class all unpaid regular and overtime wages, liquidated damages, attorneys' fees and costs;

    c. post-judgment interest at the applicable rate;

    d. incentive awards for any class representative(s); and

     e.  all such other and further relief to which Seton and the putative class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _/s/ Melissa Moore_
MELISSA MOORE
State Bar No. 24013189
Federal Id. No. 25122
CURT HESSE
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

RENU TANDALE
State Bar No. 24107417
Federal Id. No. 3487389
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739